UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patriot's Landing Investment I, LLC,

    Plaintiff,

v.                                        Case No. 16-cv-3567 (JNE/KMM)
                                          ORDER

Arthur Shuster, Inc.,

    Defendant.

      Invoking the jurisdiction conferred by 28 U.S.C. § 1332(a) (2012), Patriot's Landing Investment I, LLC, brought this action on October 19, 2016, against Arthur Shuster, Inc., for breach of contract, unjust enrichment, and negligent misrepresentation. The next day, the Honorable Katherine Menendez, United States Magistrate Judge, notified Patriot's Landing of deficiencies in the Complaint's jurisdictional allegations and ordered Patriot's Landing to rectify the deficiencies by November 3, 2016. In particular, the magistrate judge noted Patriot's Landing's failure to allege the citizenship of its members. Order 2, ECF No. 5 (citing *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)).

      On November 1, 2016, Patriot's Landing filed an Amended Complaint. Patriot's Landing alleged that it "is a limited liability company organized under the laws of the State of Washington" and that "[n]one of the members of Patriot's Landing are residents of Minnesota." Three days later, the Court notified Patriot's Landing that it had not alleged the citizenship of its members. Order 3–4, ECF No. 9 (citing *Reece v. Bank of*

1

*N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125–27 (1st Cir. 2011) (per curiam); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64–65 (9th Cir. 2011)). The Court granted Patriot's Landing leave to amend.

Patriot's Landing filed a Second Amended Complaint. Patriot's Landing alleged that it "is a limited liability company organized under the laws of the State of Washington"; that its sole member is TCO, LLC, which is "a limited liability company organized under the laws of the State of Washington"; that "TCO has three members: Gene Lynn, Traci Kennedy, and Careage Healthcare of California, Inc."; that Careage Healthcare of California is "a Washington corporation"; that Lynn and Kennedy are "Washington residents"; and that Careage Healthcare of California is wholly owned by Lynn.

Patriot's Landing failed to properly allege the citizenship of Careage Healthcare of California. Patriot's Landing stated that Careage Healthcare of California is a Washington corporation. Patriot's Landing did not state where Careage Healthcare of California has its principal place of business. *See* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity.").

Patriot's Landing also failed to allege the citizenship of Lynn and Kennedy. Notwithstanding the Court's citation of *Reece* in the November 4 Order, Patriot's Landing merely alleged that Lynn and Kennedy are Washington residents. *See, e.g.*, *Reece*, 760 F.3d at 777 ("[I]t is simply incorrect to say Reece's Arkansas residency establishes Arkansas citizenship for the purpose of diversity jurisdiction."); *Sanders*, 823 F.2d at 216 ("We agree with the district court that the pleadings in the present case do not establish diversity jurisdiction. The complaint states Sanders's residency, but not his citizenship.").

Patriot's Landing has filed three complaints, two in response to orders that identified deficiencies in its jurisdictional allegations. But Patriot's Landing has not yet alleged the citizenship of its "sub-members." *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."); *cf. Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693–94 (7th Cir. 2003) ("Lawyers . . . must investigate rather than assume jurisdiction; to do this, they first must learn the legal rules that determine whose citizenship matters . . . ."). Having failed to allege the citizenship of its "sub-members," Patriot's Landing has not satisfied its burden of alleging complete diversity of citizenship.

Granting Patriot's Landing a final opportunity to rectify the deficiencies in its jurisdictional allegations, the Court dismisses the Second Amended Complaint for lack of subject-matter jurisdiction with leave to amend. *See* 28 U.S.C. § 1653 (2012)

("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). The Court defers entry of judgment pending the anticipated filing of a Third Amended Complaint.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Second Amended Complaint is DISMISSED for lack of subject-matter jurisdiction.

2. Patriot's Landing is granted leave to amend. Patriot's Landing's Third Amended Complaint shall be filed within seven days of the date of this Order.

Dated: November 16, 2016

                                             s/Joan N. Ericksen
                                             JOAN N. ERICKSEN
                                             United States District Judge